## ROBERT H. SPAIN v. THE STATE.

CRIMINAL LAW.  *Officer who has charge of jury.  Instructions to by Judge.*
The record shows that after the jury were elected, empanneled, tried, and sworn, they were respited until the meeting of the court on the next day, and were placed in charge of W. H. T. Morgan, an officer of the court, " who was duly sworn according to law to keep the jury together, separate and apart from all other citizens whatsoever, until their return into open court to resume consideration of the cause now on trial.

The court say : We are asked to presume that the judge below administered the oath as required by law; this we cannot do, as the record shows affirmatively that no such oath was administered.

### FROM DAVIDSON.

Appeal from the Criminal Court.    T. N. FRAZIER, Judge.

CLAY ROBERTS, W. G. BRIEN and GEORGE H. VAUGHAN for plaintiff.

ATTORNEY-GENERAL HEISKELL for the State.

LEA, Sp. J., delivered the opinion of the court.

The prisoner was indicted in the criminal court at Nashville for the murder of B. F. Guy, convicted of murder in the second degree, and sentenced to ten years confinement in the penitentiary, and has appealed to this court.

The record shows that after the jury were elected, empanneled, tried and sworn, they were respited until the meeting of the court on the next day, and were placed in charge of W. H. T. Morgan, an officer of the court, "who was duly sworn according to law to keep the jury together, separate and apart from all other citizens whatsoever, until their return into open court to resume consideration of the cause now on trial." The law requires that the officer should be sworn not only to keep the jury "separate and apart from all other citizens, but that no one shall be permitted to talk with them, nor they be permitted to talk with any one, and that they shall not talk to the officer about the case on trial, nor shall he talk to them or in their presence in regard thereto, except simply to ask them if they have agreed." The record shows this oath was not administered to the officer in charge of the jury which convicted this prisoner.

In the case of *Elijah Duncan* v. *The State*, determined at Jackson, September term, 1875, Judge Turney delivering the opinion of the court, say, "The practice of administering such an oath is derived from

the common law, and is an indispensable safeguard thrown around the life or liberty of the accused, and the interest and welfare of the State and society—one that cannot in safety be dispensed with, or too rigidly enforced."

Every person charged with an offense is entitled to a fair and impartial trial by an impartial jury, who shall form their verdict alone from the evidence in the cause, and not from any outside influence. The jury upon whose verdict depends the life or liberty of the accused, should never be placed in the keeping of an officer unrestrained by the obligation of the oath required by law.

We are asked to presume that the judge below administered the oath as required by law; this we cannot do, as the record shows affirmatively that no such oath was administered.

There are other errors assigned, some of which, in regard to the charge of the court, are not without merit; but for this the cause will be remanded and a new trial granted.